UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEMOND HARRIS,

                Petitioner,

                                              CASE NO. 06-CV-15472
v.                                       HONORABLE PAUL V. GADOLA

JOHN PRELESNIK,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I.      Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Petitioner Demond Harris, a state prisoner confined at the Handlon Correctional Facility in Ionia, Michigan, is challenging convictions for assault with intent to do great bodily harm less than murder, two counts of armed robbery, and possession of a firearm during the commission of a felony which were imposed following a jury trial in the Wayne County Circuit Court.  Petitioner states that he has a motion for relief from judgment currently pending before the Wayne County Circuit Court concerning his convictions.

**II.     Analysis**

      A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. Petitioner admits that he has a motion for relief from judgment pending in the state trial court relating to the subject matter of this petition. Petitioner must complete the state court process before seeking habeas relief in this Court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

## III.    Conclusion

For the reasons stated, this Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the habeas petition is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated:   December 20, 2006                        s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   December 20, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:               Demond Harris               .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845